Welch, C. J.
The real question here is one of construction of the policy: what did the parties' mean by the word “ commenced,” in this limiting clause ? In common .parlance, a suit or action would be considered as “ commenced,” perhaps, when the first step is taken in court. 'This, under our law, is the filing of the petition. The proviso in the policy being in the nature of a penal provision, 'it is by no means clear to me that it should not be interpreted in that sense. If this is the true meaning of the parties, then admittedly the suit was commenced in time. *470 But, admitting that such is not the true legal interpretation of the contract, and that the word “ commenced ” must have the meaning assigned to it by our code of civil procedure, still it seems to us that the action should be regarded as having been brought within the period limited. If the contract is to be interpreted in the light of the code,, it must be interpreted in the light of the whole code, and not merely of a single provision. If the parties are to be held as intending, by the commencement of the action, the issuance of a summons, they must also be held as intending that the summons, if defective in “form,” or by “ mistake,” might be amended under the 187th section of the code. That this section of the code is broad enough to cover and authorize the amendment, can not well be disputed. The ground assumed is, that although the amendment reaches back and validates the writ ab initio, so far as regards the remedy, effect can not be given to it to invalidate the contract, or cause of action. This is time. But the answer is, that the contract sued upon contemplates the amendment, and, in effect, stipulates that it may be made.
This view of the case renders it unnecessary to consider the question, whether the voluntary appearance of the defendant, and the motion made on its behalf to strike the petition from the files, without making any motion to quash the writ or return, was an appearance to the action, and, if so, what would be its effect upon the question oí limitation.

Motion granted, and judgment reversed.

White, Rex, Gilmore, and McIlvaine, JJ., concurred.